UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTIE JOHNSON; RANAYJAH JACKSON; RUBY JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>BRANDI MONTS,<br><br>Defendant. | Case No. 3:23-cv-05972-TMC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

Before the Court is pro se Plaintiff Kristie Johnson's motion to appoint counsel. Dkt. 10. For the reasons set forth below, the Court DENIES Ms. Johnson's motion.

**I.   BACKGROUND**

Ms. Johnson filed this case on October 26, 2023 with Plaintiffs D.D., RanayJah Jackson, and Ruby Jackson. Dkt. 1. The complaint asserts claims under the Americans with Disabilities Act ("ADA") (42 U.S. §§ 12101–12213), Title XIX of the Social Security Act ("Medicaid Act") (42 U.S.C. §§ 1396–1396w-7), and section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794). Dkt. 7.

Ms. Johnson filed this motion seeking court-appointed counsel on December 1, 2023, Dkt. 10.

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

## II. DISCUSSION

There is generally "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). In assessing whether there are exceptional circumstances warranting appointment of counsel, the Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither factor is dispositive and "must be viewed together before reaching a decision on request of counsel." *Id.*

Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to the relevant case law and litigant's circumstances), *cert. denied sub nom.*, *Gerber v. Agyeman*, 545 U.S. 1128 (2005). While any litigant "certainly would be better served with the assistance of counsel," a litigant requesting counsel must show more than that benefit. They must demonstrate that they are unable to articulate their position due to the complexity of claims. *See Rand*, 113 F.3d at 1525.

Ms. Johnson has not identified circumstances rendering her case "exceptional" or of such complexity that warrants appointment of counsel. It is too early in the case for the Court to evaluate her likelihood of success on the merits. She has so far demonstrated she is able to file pleadings and motions in the case. Additionally, the contents of her filings demonstrate a sufficient grasp of the legal issues involved and an ability to articulate the factual bases of her

claims. While Ms. Johnson may certainly benefit from the assistance of legal counsel, she has not shown significant complexity in this case or an inability to articulate her claims. *See Agyeman*, 390 F.3d 1101, 1103–04; *Rand*, 113 F.3d at 1525.

### III.  CONCLUSION

This case does not present extraordinary circumstances warranting the appointment of counsel at this time. The Court therefore DENIES Ms. Johnson's motion to appoint counsel. This order does not prevent Ms. Johnson from filing a later motion for appointment of counsel if the circumstances change. The Court encourages Ms. Johnson to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of January, 2024.

Tiffany M. Cartwright
United States District Court Judge