UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTIE JOHNSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRANDI MONTS and SUE BIRCH <br><br> Defendants. | Case No. 3:23-cv-05972-TMC <br><br> ORDER GRANTING MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff Kristie Johnson's motion to amend complaint ("motion to amend"). Dkt. 11. For the reasons set forth below, the Court GRANTS the motion.

## I. BACKGROUND

Ms. Johnson filed two actions on October 26, 2023 with Plaintiffs D.D., RanayJah Jackson, and Ruby Jackson. Dkt. 1; *Johnson v. Birch*, 3:23-cv-05973-TMC ("*Birch*"), Dkt. 1. The complaints asserted claims against Brandi Monts in her capacity as the Executive Director of the Department of Disability Administration, Dkt. 7, and Sue Birch in her capacity as the Director of the Washington State Health Care Authority, *Birch*, Dkt. 7. The Court consolidated the cases on January 10, 2024. Dkt. 15.

ORDER GRANTING MOTION TO AMEND COMPLAINT - 1

Ms. Johnson seeks to amend her pleading to add the following individuals as defendants in their capacity as representatives for Washington State: Jilma Meneses, Secretary of Department of Social and Health Services; Tonika Joesph, Assistant Secretary of Behavioral Health – Developmental Disabilities; Kevin Bovenkamp, Assistant Secretary of Behavioral Health; and Tania May, Superintendent Disability Services of Washington State. Dkt. 11 at 2; Dkt. 11-1 at 2–3.

## I.     DISCUSSION

### A.     Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Court shall apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Court has discretion to grant or deny a request to amend but must provide justification when it denies a request. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A motion to amend under Rule 15(a)(2) 'generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party.'" *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011); *see also Foman*, 371 U.S. at 182. "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *see also Chudacoff*, 649 F.3d at 1152.

### B.     Leave to Amend

The Court grants Ms. Johnson's request for leave to amend her complaint. The Court must grant leave to amend "freely" and "with extreme liberality." Fed. R. Civ. P. 15(a)(2); *Eminence*, 316 F.3d at 1051. Defendant has not filed a response to Ms. Johnson's motion and

there is no showing of bad faith, undue delay, futility, or undue prejudice to the opposing party. *Chudacoff*, 649 F.3d at 1152.

The Court notes that it was unclear from Ms. Johnson's motion whether she wishes for Brandi Monts to remain a defendant or whether she intends to voluntarily dismiss her claims against Ms. Monts. If Ms. Johnson wishes to dismiss her claims against Ms. Monts, she should file an additional motion with the Court.

## II.	CONCLUSION

For the foregoing reasons, the Court GRANTS Ms. Johnson's motion to amend the complaint. Consistent with Local Civil Rule 15, Ms. Johnson is ORDERED to file her amended pleading within 14 days of the filing of this order. Ms. Johnson must then complete service on the new defendants as required by Federal Rule of Civil Procedure 4. If Ms. Johnson wishes to dismiss her claims against Brandi Monts, she should file an additional motion with the Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of January, 2024.

_____
Tiffany M. Cartwright
United States District Judge