UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTIE JOHNSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRANDI MONTS, et al., <br><br> Defendants. | Case No. 3:23-cv-05972-TMC <br><br> ORDER DENYING MOTION FOR DISCOVERY |

## I. ORDER

Before the Court is pro se Plaintiff Kristie Johnson's "motion for joint status report, discovery, depositions and early settlement agreement." Dkt. 17.[1] Ms. Johnson's lawsuit raises numerous challenges to Washington state laws relating to the provision of in-home therapy for children with certain developmental disabilities or behavioral disorders. *See generally* Dkt. 7, 11, 11-1. Ms. Johnson's motion describes her allegations, discovery she wishes to conduct, and the relief she seeks either through settlement or Court rulings. *See generally* Dkt. 17. She asks the

---

[1] Ms. Johnson's electronic filing notice described the motion as a "stipulated expedited joint motion," but it was filed only by Ms. Johnson and was not stipulated to by any Defendant. *See* Dkt. 17. Ms. Johnson has since opted to withdraw from electronic filing. Dkt. 28.

ORDER DENYING MOTION FOR DISCOVERY - 1

Court to order that certain discovery be produced immediately and to "facilitate a settlement." *See id.* at 13–14.

Defendants oppose the motion and have also filed a motion to dismiss. Dkt. 18, 26. Defendants' opposition raises many of the arguments contained in their pending motion to dismiss and explains that Ms. Johnson's motion is procedurally improper and requests relief that is beyond the scope of the Court. *See* Dkt. 26 at 4–6.

Defendants' arguments regarding dismissal will be addressed when the Court rules on the pending motion to dismiss. But Defendants are correct that the instant motion must be denied because it asks the Court to order relief that is either inconsistent with the case schedule and the Federal Rules of Civil Procedure or beyond the Court's authority.

The Court understands Ms. Johnson's motion as partially an attempt to provide the information that must be submitted in a "Joint Status Report and Discovery Plan" under Federal Rule of Civil Procedure 26(f) and Local Civil Rule 26(f). *See* Dkt. 8. But the information in that report must be submitted jointly after the parties have a telephone conference (the "Rule 26" conference) to go over the report's requirements. The joint status report is not a request by one side for the Court to order certain discovery, and the Court cannot grant the discovery requests in Ms. Johnson's current motion. In most circumstances, discovery cannot be conducted by any party until after the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . .").

After the Rule 26(f) conference takes place, the parties may request discovery from one another so long as their requests comply with the relevant Federal Rules of Civil Procedure, such as Rule 26 (covering the scope of discovery and its limits); Rule 30 (depositions); Rule 33 (interrogatories); Rule 34 (requests for production) and Rule 36 (requests for admission). The

ORDER DENYING MOTION FOR DISCOVERY - 2

Court only becomes involved with this process if the parties have a disagreement over discovery that they cannot resolve themselves.

Nor can the Court order or be involved in facilitating settlement negotiations. Any discussions involving settlement should occur privately between the parties and not be disclosed to the Court. The Court cannot grant Ms. Johnson's request with respect to settlement.

Finally, given the number of issues raised in Defendants' motion to dismiss, the complexity of Ms. Johnson's allegations, and the Court's need to manage its docket efficiently, the Court finds good cause to extend by 60 days the current deadlines for the Federal Rule of Civil Procedure 26(f) conference, initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), and the joint status report as required by Federal Rule of Civil Procedure 26(f). This will allow the Court to rule on the motion to dismiss, and for Ms. Johnson to potentially correct any deficiencies in her complaint, before the Court issues a trial schedule and the parties expend resources on discovery. This means that the parties may not conduct discovery until they have conducted their Rule 26(f) conference, the deadline for which is now April 12, 2024.

## II.   CONCLUSION

For the reasons explained above, the Court DENIES Ms. Johnson's motion for discovery (Dkt. 17). The Court encourages Ms. Johnson to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Court further ORDERS that the Clerk reset the initial case scheduling deadlines as follows:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 4/12/2024 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 4/22/2024 |

ORDER DENYING MOTION FOR DISCOVERY - 3

Combined Joint Status Report and Discovery Plan:        4/26/2024

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of January, 2024.

_____
Tiffany M. Cartwright
United States District Judge