1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTIE JOHNSON,

                              Plaintiff,

          v.

SUE BIRCH; BOVENKAMP KEVIN;

JILMA MENESES; JOSEPH TONIK;

TANIA MAY,

                              Defendants.

Case No. 3:23-cv-05972-TMC

ORDER GRANTING MOTION TO
DISMISS AND DENYING MOTION TO
APPOINT GUARDIAN AD LITEM

Before the Court is State Defendants Sue Birch, Kevin Bovenkamp, Jilma Meneses, Tonik Joseph, and Tania May's Third Motion to Dismiss (Dkt. 46) and Plaintiff Kristie Johnson's Motion to Appoint Guardian ad Litem (Dkt. 35). Having reviewed the motion and the balance of the record, the Court GRANTS the motion to dismiss and DISMISSES all remaining claims with prejudice. It also DENIES the motion to appoint guardian ad litem.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Ms. Johnson filed two actions on October 26, 2023 with her children D.D., RanayJah Jackson, and Ruby Jackson. Dkt. 1; *Johnson v. Birch*, 3:23-cv-05973-TMC ("Birch"), Dkt. 1. The complaints asserted claims against Brandi Monts in her capacity as the Executive Director of

the Department of Disability Administration, Dkt. 7 at 1, and Sue Birch in her capacity as the Director of the Washington State Health Care Authority, *Birch*, Dkt. 7 at 1.

On December 19, 2023, Ms. Johnson moved to amend her pleadings to add additional defendants. Dkt. 11 at 2; Dkt. 11-1 at 2–3. On January 10, 2024, the Court granted Ms. Johnson's motion to amend her complaint, Dkt. 16, and consolidated the two cases, Dkt. 15. The Court ordered that Ms. Johnson must file her amended pleading within 14 days of the order's filing, and that after filing her complaint, she must complete service on the new Defendants as required by Federal Rule of Civil Procedure 4. *Id.* at 3. The Court also instructed Ms. Johnson to file an additional motion with the Court should she wish to dismiss her claims against Defendant Brandi Monts. *Id.* Ms. Johnson filed a second motion to amend informing the Court that she did not wish to go forward with claims against Monts, Dkt. 22, and the Court dismissed Monts from the case without prejudice, Dkt. 23. Ms. Johnson did not, however, file or serve an amended complaint.

Defendants Birch and Monts then moved to dismiss all claims. Dkt. 18. On April 8, 2024, the Court granted in part and denied in part that motion. Dkt. 34. The Court dismissed (1) Plaintiff D.D.'s claims without prejudice and (2) the state law claims by all Plaintiffs except Ms. Johnson. *Id.* The Court declined to dismiss the complaint in its entirety, allowing Plaintiffs until May 6, 2024 to either properly complete service of the original complaint and summons or file an amended complaint. *Id.* at 9–10. The Court also noted that Ms. Johnson's adult co-Plaintiffs "must sign any applicable filings, including motions, responses, and amended complaints." *Id.* at 9.

On April 12, 2024, Ms. Johnson filed a motion to amend, Dkt. 35-1, and a motion to appoint a guardian ad litem for D.D., Dkt. 35. The Court granted the motion to amend and directed the Clerk's Office to file the proposed amended complaint. Dkt. 44 at 6. The Court also

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO APPOINT GUARDIAN AD LITEM - 2

1

2

directed the Clerk's Office to send Defendants a waiver of service and deferred ruling on the motion to appoint a guardian ad litem. *Id.* at 6–7.

3

4

5

6

7

8

9

10

11

12

13

14

The amended complaint named Kristie Johnson as Plaintiff and Sue Birch, Kevin Bovenkamp, Jilma Meneses, Tonik Joseph, and Tania May as Defendants. Dkt. 45 at 1–3. It listed the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, the Individuals with Disabilities Education Act (IDEA), and the Medicaid Act as the federal statutes at issue. *Id.* at 3. Ms. Johnson alleged in the amended complaint that "[a]fter passing House Bill 1713 "Ricky's Law" [t]he State took the in home therapy from children that were receiving services that had been diagnosed and evaluated by DDA as being violent towards themselves and others." *Id.* at 8. She asserted that her "family has endured 7 years of waiting on an adequate remedy for removing in home behavioral therapy," *id.*, which caused D.D. to "become extremely violent" such that he "has not been able to attend school for 3 years because no therapist will come in [their] home and there are no in clinic options available in the state causing [Ms. Johnson] to be unemployed for years." *Id.* (cleaned up).

15

16

## II.    DISCUSSION

### A.    Legal Standards

17

18

19

20

21

22

23

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

24

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court must construe a pro se plaintiff's pleadings liberally and "afford the petitioner the benefit of any doubt." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

"[I]t is well-settled that statutes of limitations are affirmative defenses, not pleading requirements." *Wyatt v. Terhune*, 315 F.3d 1108, 1117–18 (9th Cir. 2003). The defendant, therefore, bears the burden of proof as to each element of a statute of limitations based affirmative defense. *See Tovar v. U.S.P.S.*, 3 F.3d 1271, 1284 (9th Cir. 1993). Similarly, a plaintiff is not ordinarily required to plead around affirmative defenses. *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993). But a "claim may be dismissed as untimely pursuant to a 12(b)(6) motion when the running of the statute of limitations is apparent on the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Induss., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (internal quotation omitted); *see also Ritchie v. United States*, 210 F. Supp. 2d 1120, 1123 (N.D. Cal. 2002) ("Where the facts and dates alleged in a complaint demonstrate that the complaint is barred by the statute of limitations, a Federal Rule of Civil Procedure 12(b)(6) motion should be granted.").

## B.   The relevant statutes of limitations bar Ms. Johnson's claims.

State Defendants argue that the statute of limitations periods for all of Ms. Johnson's causes of action have expired. Dkt. 46 at 5. In her amended complaint, Ms. Johnson listed causes

1   of action under the ADA, Section 504 of the Rehabilitation Act, the IDEA, and the Medicaid

2   Act. Dkt. 45 at 3.

3          Claims under the ADA and Section 504 of the Rehabilitation Act are subject to the

4   limitations period of "the most analogous state law." *Pickern v. Holiday Quality Foods Inc.*, 293

5   F.3d 1133, 1137 n.2 (9th Cir. 2002) (ADA statute of limitations); *Ervine v. Desert View Reg'l*

6   *Med. Ctr. Holdings, LLC*, 753 F.3d 862, 869 (9th Cir. 2014) (Rehabilitation Act statute of

7   limitations). Here, the Washington law most analogous to each statute is the Washington Law

8   Against Discrimination (WLAD), for which courts apply Washington's three-year statute of

9   limitations period for personal injury actions under RCW 4.16.080(2). *See Adler v. Fred Lind*

10  *Manor*, 153 Wn.2d 331, 355, 103 P.3d 773 (2004). The IDEA has a two-year statute of

11  limitations period. *Avila v. Spokane Sch. Dist. 81*, 852 F.3d 936, 944 (9th Cir. 2017).

12         Ms. Johnson's claim under the Medicaid Act arises under Section 1983. *A.H.R. v.*

13  *Washington State Health Care Auth.*, 469 F. Supp. 3d 1018, 1042 (W.D. Wash. 2016)

14  ("Individuals entitled to benefits may enforce their rights under the Medicaid Act through a civil

15  rights claim brought under 42 U.S.C. § 1983."). Washington's three-year limitations period for

16  personal injury actions also applies to claims under Section 1983. RCW 4.16.080(2); *see Bird v.*

17  *Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (holding the relevant statute of

18  limitations for claims brought under Section 1983 is the forum state's statute of limitations for

19  personal injury actions).

20         Although Washington law determines the limitations periods, federal law determines

21  when a federal claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A federal claim

22  accrues "not just when the plaintiff experiences the injury, but 'when the plaintiff knew or in the

23  exercise of reasonable diligence should have known of the injury and the cause of that injury.'"

24  *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (citing *Lukovsky v.*

*City & County of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008)); *see also Ervine*, 753 F.3d at 869 ("A federal claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action.").

Here, Ms. Johnson alleges that her causes of action arose when the State passed "Ricky's Law," which caused her "family [to] endure[] 7 years of waiting on an adequate remedy for removing in home behavioral therapy." Dkt. 45 at 8. Based on this statement, Defendants argue that Ms. Johnson knew of the causes of action for seven years and thus that the two- or three-year limitations period for each cause of action has expired. Ms. Johnson did not respond to this motion to argue otherwise.[1] It is apparent from the facts and dates alleged in the complaint that the statutes of limitations have run for each of Ms. Johnson's claims. *See Pre Con Induss.*, 720 F.3d at 1178; *Ritchie*, 210 F. Supp. 2d at 1123. Rule 12(b)(6) dismissal is proper.

**C.    The Court declines to appoint a guardian ad litem for D.D.**

Ms. Johnson moves to appoint a guardian ad litem for D.D. Dkt. 35. In the Court's April 8, 2024 order on Defendants' first motion to dismiss, the Court dismissed all claims by D.D., because D.D. is a minor and thus cannot appear on his own behalf. See Dkt. 34 at 4. The Court noted that because it granted leave to amend, "Plaintiffs may either amend the complaint to add a general guardian as a plaintiff on D.D.'s behalf or request that the Court appoint a qualified individual as D.D.'s guardian ad litem." *Id.* (citing Fed. R. Civ. P. 17(c)(1)–(2)). But the Court also noted that "[t]he guardian or other representative must have legal counsel to appear on D.D.'s behalf." *Id.* (citing *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A]

---

[1] "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. 7(b)(2).

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO APPOINT GUARDIAN AD LITEM - 6

1    parent or guardian cannot bring an action on behalf of a minor child without retaining a

2    lawyer.")).

3          Ms. Johnson requested that the Court appoint a guardian ad litem to represent D.D. as a

4    plaintiff in this case. Dkt. 35. However, as stated in the Court's previous orders, a guardian ad

5    litem would need legal counsel to represent D.D. *See* Dkt. 34 at 4; Dkt. 44 at 5. No counsel has

6    appeared in the case, and Ms. Johnson does not say anything to indicate she has secured legal

7    counsel to represent any guardian ad litem who might be appointed for D.D. The Court construes

8    Ms. Johnson's request as a request for appointment of counsel as well as a guardian ad litem.

9          There is generally "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v.*

10   *Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted). In

11   "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant

12   to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on*

13   *other grounds*, 154 F.3d 952 (9th Cir. 1998). In assessing whether there are exceptional

14   circumstances warranting appointment of counsel, the Court must evaluate (1) "the likelihood of

15   success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light

16   of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

17   Cir. 1986). Neither factor is dispositive and "must be viewed together before reaching a decision

18   on request of counsel." *Id.*

19         Exceptional circumstances may exist where the litigant has an insufficient grasp of the

20   legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr.*

21   *Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was

22   unusually complex due to the relevant case law and litigant's circumstances), *cert. denied sub*

23   *nom.*, *Gerber v. Agyeman*, 545 U.S. 1128 (2005). While any litigant "certainly would be better

24

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO APPOINT GUARDIAN AD LITEM - 7

served with the assistance of counsel," a plaintiff seeking counsel must "show that because of the complexity of the claims he was unable to articulate his positions." *See Rand*, 113 F.3d at 1525.

Although this case has not moved beyond the pleading stage, Ms. Johnson's allegations and filings to date have not shown a likelihood of success on the merits. The Court is unable to identify circumstances rendering D.D.'s case "exceptional" under the legal standard for appointing counsel in a civil case. *See Agyeman*, 390 F.3d 1101, 1103–04; *Rand*, 113 F.3d at 1525. Because it declines to appoint counsel, the Court also declines to appoint a guardian ad litem. D.D.'s claims remain dismissed without prejudice, and nothing in this order prevents him from refiling those claims if counsel is obtained to represent him.

### III.    CONCLUSION

For the above reasons, the Court GRANTS Defendants' third motion to dismiss (Dkt. 46) and DISMISSES all of Ms. Johnson's claims with prejudice. The Court DENIES Ms. Johnson's motion to appoint guardian ad litem for D.D. (Dkt. 35). If Ms. Johnson chooses to appeal, she may maintain her *in forma pauperis* status on appeal.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 16th day of September, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO APPOINT GUARDIAN AD LITEM - 8